IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL RHYMES PETTY,

                Plaintiff,

  v.                                     OPINION and ORDER

SGT. DIANE MAYSON, CO DONNA JOHNSON,        24-cv-83-wmc
CO KACZMAREK, TEXTBEHIND and
AURORA ST. LUKE'S MEDICAL CENTER,

                Defendants.

---

Plaintiff Daniel Rhymes Petty, who is representing himself, filed a lawsuit complaining that Aurora St. Luke's Medical Center, staff at Stanley Correctional Institution, and TextBehind, a company that processes mail for the prison, mishandled his private medical information. In his original complain, plaintiff purported to bring claims under the Health Insurance Portability and Accountability Act ("HIPAA") and state law. In a previous order, the court explained that "HIPAA does not furnish a private right of action," and that any state law claims for negligence, invasion of privacy, or breach of fiduciary duty would need to be filed in state court, as this court cannot exercise subject matter jurisdiction over state law claims brought against defendants who are citizens of the same state as plaintiff. (Dkt. #9) (citing *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019)). However, the court gave plaintiff the opportunity to file an amended complaint relating to his private medical information that would state a claim over which this court would have subject matter jurisdiction.

Plaintiff has since filed an amended complaint, again attempting to bring claims under HIPAA. (Dkt. #10.) As explained previously, he cannot proceed on claims under HIPAA. He also includes claims under the Eighth and Fourteenth Amendment relating to disclosure of his medical information. However, inmates "at best have very limited privacy rights" in their medical information. *Franklin v. McCaughtry*, 110 F. App'x 715, 718-19 (7th Cir. 2004). The Seventh Circuit has acknowledged that certain disclosures of medical information may be constitutionally actionable, including "purposeful dissemination of intensely private medical information," such as disclosures about an inmate's HIV status or gender identity. *Id.* However, plaintiff does not allege any such "purposeful dissemination" of "intensely private medical information." Thus, his allegations do not rise to the level of a federal constitutional violation, so his amended complaint will be dismissed.

## ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment and close this case.

Entered June 26, 2025.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge